**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

OLIVER JAMES

      Plaintiff,

v.

FLAGLER SYSTEM, INC., a Florida corporation,
THE BREAKERS, PALM BEACH, INC.
d/b/a THE BREAKERS HOTEL, a Florida corporation,
CORRIE O'DEA, an individual, ARTHUR BIRMELIN,
an individual, GINO SILVESTRE, an individual, and
PAUL N. LEONE, an individual

      Defendants

_____/

**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF
UNDER  42 U.S.C. §1981**

Plaintiff, OLIVER JAMES, ("Plaintiff") sues Defendants THE BREAKERS PALM BEACH, INC., d/b/a The BREAKERS HOTEL, ("The Breakers") and FLAGLER SYSTEM, INC. ("Flagler Systems") CORRIE O'DEA, an  individual,  ARTHUR BIRMELIN,  an individual, GINO SILVESTRE, an individual and PAUL N. LEONE, an individual, and states:

**NATURE OF CASE, JURISDICTION, AND VENUE**

**I. INTRODUCTION**

1. This is a civil action brought under 42 U.S.C. §1981 for damages and for injunctive relief to prohibit racially discriminatory practices by the Defendants, and for intentional infliction of emotional distress.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337, as the claims arise under the laws of the United States, specifically 42 U.S.C. §1981.

3. Venue is proper in this district under 28 U.S.C. 1391 (b) because the events giving rise to this claim occurred in Palm Beach County, Florida.

4. Plaintiff has retained the Weil Law Firm, P.A. to represent him in this matter and has incurred attorney's fees and costs in bringing this matter before the Court.

## III. PARTIES

5. Plaintiff, OLIVER JAMES, is a resident of the State of California and has been subjected to racially discriminatory practices by the Defendants in Palm Beach County, Florida. Defendant Corrie O'Dea, Defendant Arthur Birmelin, and Defendant Gino Sylvestre, at all times, material hereto were employed by The Breakers and/or Flagler Systems as Security Officers.  Defendant Paul N. Leone at all times material hereto was employed by The Breakers and/or Flagler Systems as Chief Executive Officer.

6. At all times material hereto, the Plaintiff was a business invitee on property owned by The Breakers and/ or Flagler Systems.

7. At all times material hereto The Breakers and Flagler Systems were two related corporate entities, sharing the same officers and directors, engaged in the operation of a luxury hotel on the island of Palm Beach, Florida, The Breakers Hotel.

8. In the course of Defendants' operation of The Breakers, the Plaintiff has been subjected to racially discriminatory practices by the Defendants.

9. Defendant Flagler Systems, a Florida Corporation, and The Breakers, a Florida corporation, have individually and jointly engaged in racially discriminatory practices in their relations with

Plaintiff Oliver James, as a guest of the hotel in violation of 42 U.S.C. §1981.

10. At all times material to this action Defendants and each of them conducted business within the State of Florida, and within Palm Beach County, Florida.

**IV. FACTUAL ALLEGATIONS**

11. On or about November 13, 2023, Defendants and each of them engaged in discriminatory practices against Plaintiff based on race, in violation of 42 U.S.C. §1981, more particularly set forth as follows.

12. Plaintiff is Black, a dark-skinned racial minority male who at all times material to this Complaint was a guest of The Breakers Hotel, with a pre-paid reservation for a three-night stay from November 12, 2023, through November 15, 2023.

13. Plaintiff is an acknowledged advocate for childhood literacy, with in excess of 300,000 followers on the TikTok social media platform.  He is known for having taught himself to read.

14. Plaintiff had been invited to The Breakers Hotel by The Barbara Bush Foundation, for the Foundation's child literacy program, wherein Mr. James was to have been a guest speaker at The Breakers, and was scheduled to receive an award for his achievements, the Foundation's 2023 National Literacy Honors Award.  Mr. James was scheduled to participate in the 16th Annual Ann Norton Sculpture Gardens' Literacy Day on November 14, 2023, where he was to read to students of the Golden Grove Elementary in West Palm Beach.

15. As a consequence of the actions of the Defendants, none of the foregoing transpired. On the morning of November 13, 2023. Mr. James was preparing for the above events.  He was standing by himself on an expanse of the Hotel's lawn denominated "The Ocean Lawn" with his camera phone mounted on a small tripod.  He was rehearsing, reading from a book entitled, "101 Essays That Will  Change the Way You Think."  His shirt bore the inscription "I Love

Big Books." He was a black man standing alone on the lawn, and speaking audibly, but not loudly in a place where it is doubtful that anyone else could have heard him.

16. As he continued to rehearse, Mr. James was approached by a member of the Hotel staff who said that he was investigating a disturbance to the Hotel's pool area. Mr. James informed the employee that he had not been in the pool area. The employee then replied that Mr. James had also violated an unpublished hotel rule prohibiting the use of tripod camera stands. No warning had been given to Plaintiff, and no opportunity to simply desist was offered.

17. As this conversation was progressing other staff personnel approached, and at the invitation and direction of Defendant Breakers' employee, Defendant O'Dea, four armed officers of the Palm Beach Police Department responded to the scene, and drove their marked police vehicle to the location where Mr. James was standing. At all times during this incident The Breaker's employee. defendant O'Dea acted with actual and apparent authority, and apparent police officers in their verbal exchange with Mr. James, and specifically directing the officers to remove Mr. James from the premises of the Hotel, using the pretext that Mr. James had been "Disturbing guests." In fact, Mr. James had been alone all that morning, practicing his reading from a book, and the assertion that he had been disturbing guests was fabricated and false.

18. As his conversation with police officers progressed Mr. James recognized that he was being racially profiled, and that the claim that he had been disturbing guests was entirely pretextual. His immediate reaction was one of shock and humiliation.

19. The Hotel employee at the scene of Mr. James' apprehension, Defendant O'Dea, should have known that Mr. James was a registered guest of the Hotel, but did not disclose that information to the police officers and only informed them that Mr. James was disturbing other guests, which statement was false in fact and subterfuge for the racial profiling of Mr. James,

and his wrongful ejection from the Hotel. All of the foregoing actions of the aforesaid Hotel employee, Defendant O'Dea, as well as her subsequent actions in directing the Hotel front desk that Mr. James was being ejected from the Hotel, were racially motivated.

20. As a registered guest of The Breakers Mr. James was a party to a contract between himself and the Hotel for paid accommodations over a three day period. The actions of Defendants in ejecting Plaintiff breached said contract and directly and proximately caused him emotional pain and suffering, as well as emotional and psychological injury.

21. Defendants and each of them are liable to Plaintiff for the conduct of Defendants' aforesaid employee pursuant to the doctrine of respondeat *superior* as well as the Defendants' authorizing, ratifying, and condoning the actions of said employee.

22. At all times pertinent herein the said employee of Defendants acted in the course and scope of employment with Defendants, rendering Defendants vicariously liable for the actions of said employee pursuant to the doctrine of *respondeat superior.*

23. Defendants' racially discriminatory actions were taken against Plaintiff while other guests of the Hotel, who engaged in comparable activities on Hotel grounds, to wit: walking, exercising, reading, and self- photography, were permitted to enjoy their stay without having to endure the same or similar consequences.

24. Plaintiff was treated differently as a Black individual than were guests of the Hotel of other races, such as White individuals in that he was made to endure severe discriminatory acts and ultimately his ejection from the Hotel.

25. By requiring Mr. James to leave the Hotel, the Defendants prevented Mr. James from

either continuing to receive services under his existing contract with the Hotel, or to be able to continue his stay at the Hotel under a new contract, and further prevented him from fulfilling his obligation to the Barbara Bush Foundation, the original purpose of his stay at The Breakers.

26. But for Plaintiff's race, he would not have been ejected from the Hotel.

27. But-for Plaintiff's race, he would not have been prevented from either continuing to receive services under his existing contract with the Hotel, or to be able to continue his stay at the Hotel under a new contract, or fulfilling his obligation to the Barbara Bush Foundation, the original purpose of his stay at The Breakers.

28. Plaintiff was treated differently than guests of other races at the Hotel because he was made to endure severe discriminatory actions as set forth above and was required to leave the Hotel due to the Defendants' racially discriminatory actions.

29. Defendants acting jointly and severally denied Plaintiff the same right to the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship as a guest of the Hotel, as is enjoyed by Defendants' White patrons or races other than Black.

## COUNT I:
### DISCRIMINATION PURSUANT TO 42 U.S.C. §1981
**(Against The Breakers, Flagler Systems, and O'Dea)**

30. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-29 above.

31. 42 U.S.C. §1981 grants all persons the right to "make and enforce contracts," which is de" freeo include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," free from discrimination on the basis of race and/or national origin.

32. Plaintiff was a guest at the Defendants' Hotel pursuant to a written contract.

33. At all times material hereto, Plaintiff was a "person" protected by 42 U.S.C. §1981 from discrimination on the basis of race, ethnicity, and national origin.

34. Plaintiff was singled out for treatment in a discriminatory manner by Defendants because of his race.

35. Plaintiff was subjected to severe and personally directed harassment because of his race, creating an objectively hostile and abusive environment which he subjectively viewed as abusive and hostile.

36. That harassment affected the "benefits, privileges, terms, and conditions of the contractual relationship" Plaintiff had with the Defendants as a result of Plaintiff's status as a guest in Defendants' Hotel; Defendants' actions interfered with Plaintiff's statutory rights pursuant to 42 U.S.C. §1981. 37. Defendants' conduct complained of herein was willful and in disregard of Plaintiffs protected rights.

37. Defendants, through the actions of their agents, acted in outrageous disregard of Plaintiff's status as a United States citizen.

38. The actions of Defendant as detailed above are in violation of 42 U.S.C. §1981, in that Defendant discriminated against Plaintiff because of his race and denied Plaintiff the same right to the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship as is enjoyed by its non-Black Hotel guests.

39. Defendant's actions as described herein were motivated by an evil motive and intent, and also involved reckless and callous indifference to Plaintiff's federally protected rights, set forth above.

40. As a direct and proximate result of the actions of Defendant and its agents, representatives and/or employees, Plaintiff has suffered damages, including but not limited to, humiliation, and non-economic damages for mental and emotional distress.

41. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief.

42. Plaintiff reserves the right, upon the proper showing of record evidence, to amend the Complaint to seek punitive damages resulting from Defendants' wanton, willful acts and gross negligence.

WHEREFORE, Plaintiff OLIVER JAMES demands judgment against Defendants The Breakers Palm Beach, Inc. and Flagler System, Inc. jointly and severally for damages including but not limited to economic damages and compensatory damages, and additionally prays for injunctive relief enjoining Defendants from further racially discriminatory acts and requiring Defendants under the auspices of this Court to institute a program among staff, agents and employees reasonably contemplated to ensure that racially discriminatory acts shall not be further perpetrated at The Breakers.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against The Breakers, Flagler Systems, and O'Dea)

43. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-29 above.

44. Defendants deliberately and recklessly subjected Plaintiff to humiliation, embarrassment, and pain and suffering based on purposeful racial discrimination and racial animus.

45. Defendants' conduct, which included discriminating against the Plaintiff for racist reasons, humiliating and publicly embarrassing Plaintiff, was unlawful, outrageous and went beyond all possible bounds of decency. Defendants' outrageous and unlawful conduct has directly and proximately caused severe emotional distress to the Plaintiff.

46. In addition to suffering severe emotional distress at the hands of Defendants, Plaintiff suffered hardship including economic damages, compensatory damages and incidental and consequential damages.

WHEREFORE, Plaintiff OLIVER JAMES demands judgment against all Defendants, jointly and severally for compensatory damages, costs and such other and further relief as is deemed appropriate by the Court.

### COUNT III
### Negligent Hire
### (Against The Breakers and Flagler Systems)

47. Plaintiff re-adopts and re-alleges paragraphs 1 through 29 as if fully set forth herein.

48. Defendants, The Breakers and Flagler Systems were required exercise due care and conduct an appropriate investigation prior to retaining Defendant Corrie O'Dea as a Security Officer and failed to do so.

49. Said Defendants knew or should have known that Defendant O'Dea was unsuitable to hold the position of a security guard due to her personally held predilections of racial animus and prejudice, and the likelihood that said predilections of racial animus and prejudice coupled with the real and apparent authority vested in a security guard would directly and proximately result in harm coming to guests of the Hotel.

50. Defendants, and each of them, breached their duty of care to Plaintiff by negligently selecting

and engaging O'Dea and placing her in a position which was potentially dangerous and where it was foreseeable that she would cause injuries while acting within the course and scope of her employment, without their conducting an appropriate investigation.

51. As a direct and proximate result of O'Dea's wrongdoing, and the negligence of Defendants that permitted it to occur, Plaintiff Oliver James suffered substantial injury.

52. Plaintiffs reserve the right, upon the proper showing of record evidence, to amend the Complaint to seek punitive damages resulting from Defendants' wanton, willful acts and gross negligence.

WHEREFORE, Plaintiff OLIVER JAMES demands judgment against Defendants THE BREAKERS PALM BEACH, INC. and FLAGLER SYSTEM, INC. jointly and severally for compensatory damages, costs and such other and further relief as is deemed appropriate by the Court.

### COUNT 1V
### NEGLIGENT SUPERVISION AND RETENTION
**(Against The Breakers and Flagler Systems)**

53. Plaintiff re-adopts and re-alleges paragraphs 1 through 29 as if fully set forth herein.

54  At all times material hereto O'Dea was a staff member and employee of Defendant placed in the job position of security officer, and charged *inter alia* with the responsibility of insuring the safety of the guests and members of The Breakers while at the Hotel facility.

55. At all times material hereto, O'Dea lacked adequate training and supervision by Defendants, each of which owed a duty to Plaintiff to use reasonable care to ensure Plaintiff's mental and physical health, safety and welfare while a guest of The Breakers.

56. Defendants breached their duty of care to Plaintiff by negligently failing to provide adequate training and supervision for their employee O'Dea in dealing with incidents involving guest relations and racial issues, so as to avoid harm to Hotel guests, such as occurred in the Ocean Lawn

Incident. and by failing to take reasonable precautions in such a way to protect guests of the Hotel from mistreatment such as occurred in the Ocean Lawn Incident. and to ensure their mental and physical health, safety and welfare.

57. Plaintiffs reserve the right, upon the proper showing of record evidence, to amend the Complaint to seek punitive damages resulting from Defendants' wanton, willful acts and gross negligence.

WHEREFORE, Plaintiff OLIVER JAMES. demands judgment against Defendants THE BREAKERS PALM BEACH, INC. and FLAGLER SYSTEM, INC. jointly and severally for compensatory damages, costs and such other and further relief as is deemed appropriate by the Court.

<u>**COUNT V**</u>
**CONSPIRACY TO DENY CIVIL RIGHTS**
**(Against O'Dea, Birmelin and Silvestre)**

58. Plaintiff re-adopts and re-alleges paragraphs 1 through 29 as if fully set forth herein.

59. On or about November 13, 2023, Defendant O'Dea was acting in her assigned position of employment as Security Officer of The Breakers Hotel. As is more particularly set forth *supra* O'Dea made the decision to eject Plaintiff from the Hotel premises and summoned Palm Beach Police officers to The Breakers to effectuate that decision; but before the officers actually removed Plaintiff from the Hotel, O'Dea initiated a conference or conferences with Defendant Arthur Birmelin, employed by The Breakers as Director of Security, and with Gino Silvestre, also employed by The Breakers as Director of Security, the subject of which was Mr. James and the Ocean Lawn incident.

60. At the time Defendant O'Dea ordered Plaintiff to be ejected from the Hotel she was unaware of the fact that Mr. James was a registered guest at the hotel, but learned that he was in fact a registered guest when she stopped at the front desk while Mr. James was in his room

packing his bags with a police escort.

61. As a result of the discussion or discussions which took place among Defendants O'Dea, Birmelin and Silvestre the decision was reached to eject Mr. James from The Breakers.

62. At the time the decision was made to eject Plaintiff from the Hotel said Defendants had ascertained that Mr. James was in fact a registered guest of The Breakers, invited by the Barbara Bush Foundation, and was scheduled to receive an award the following day at an event of the foundation, but nonetheless made the collaborative decision to remove him from the Hotel.

63. The Plaintiff is a dark skinned African American, and would not have been ejected from the Hotel but for the fact that he was a Black man.

64. At the time that Plaintiff was approached by Hotel security personnel on the Ocean Lawn, Defendant O'Dea had made the decision to remove him from the hotel property, notwithstanding that she had no prior contact or communication with him. As a result of the actions of Defendant O'Dea and the decisions reached jointly by O'Dea, Sylvestre and Birmelin the pretext for ejectment was created whereby the Hotel would claim that Mr. James had violated its rule against on-premises photography using a tripod, regardless that the rule was not in writing, and had not been communicated to Mr. James prior to the Ocean Lawn incident. The claim that it justified Mr. James ejectment was entirely pretextual.

65. Defendants acting jointly and in concert with one another conspired to deny Plaintiff's constitutionally guaranteed civil rights to hotel accommodation as set forth in 42 USC 1981. Defendants' actions were taken with the intent to discriminate against Plaintiff on racial grounds and to prevent Plaintiff from exercising his civil rights.

66. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages.

Defendants' outrageous and unlawful conduct has directly and proximately caused severe emotional distress to the Plaintiff.

67. In addition to suffering severe emotional distress at the hands of Defendants, Plaintiff suffered hardship including economic damages, compensatory damages and incidental and consequential damages.

WHEREFORE, Plaintiff OLIVER JAMES demands judgment against Defendants O'DEA, BIRMELIN. And SILVESTRE jointly and severally for compensatory damages, costs and such other and further relief as is deemed appropriate by the Court.

### COUNT VI
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Against The Breakers, Flagler Systems, and O'Dea)

68. Plaintiff re-adopts and re-alleges paragraphs 1 through 29 and 32 through 41 as if fully set forth herein.

69. The above described actions of Defendants, and each of them, constitute a violation of Chapter 760 Florida Statutes, the Florida Civil Rights Act of 1992. In pertinent part Section 760.02 states: "The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color…" or "national origin".

70. Section 760.02(11) sets forth specific application to "public accommodations' which by definition includes any hotel providing transient lodging of more than four rooms and thus applies to The Breakers Section 760.07 provides remedies for unlawful discrimination and states that any violation of statute prohibiting unlawful discrimination in public accommodations gives rise to a cause of action for relief and damages.

71. As a direct and proximate result of the actions of Defendants and their agents, representatives and/or employees as above set forth Plaintiff has suffered injury and damages for mental and emotional distress.

72. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendants' discriminatory practices unless and until this Court grants relief.

73. Plaintiffs reserve the right, upon the proper showing of record evidence, to amend the Complaint to seek punitive damages resulting from Defendants' wanton, willful acts and gross negligence.

WHEREFORE, Plaintiff Oliver James Demands Judgment Against Defendants The Breakers, Flagler Systems and CORRIE O'DEA, jointly and severally for compensatory damages, costs and such other and further relief as is deemed appropriate by the Court.

## COUNT VII
## ATTEMPTED COVER UP AND CONCEALMENT
### (Against Defendant Leone)

74. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-29 above.

75. At all times pertinent herein Defendant Paul N. Leone was chief executive officer of Defendants The Breakers and Flagler Systems.

76. While Defendant Leone was not on site at The Breakers on the date of the subject incident, he was regularly kept informed by hotel employees.

77. Upon his return Defendant took an active role in directing staff how to present the events to the public and personally participated in the narration of a false accounting of the events and the dissemination of a story falsely portraying the basis for the ejectment of Mr. James from

the Breakers, coloring and misrepresenting the facts to portray the Plaintiff at fault in causing the incident.

78. Upon information and belief Defendant Leone subsequently assembled a staff meeting at The Breakers, the purpose of which was to inform hotel staff of the cover story created by Mr. Leone and to organize public dissemination of the story as a cover up of the actual events which had occurred at the Hotel in order to deflect negative publicity and protect against negative financial impacts.

79. The cover narrative was false in fact and known to be false by Defendant Leone when it was prepared and disseminated by said Defendant.

80. The sole purpose of the dissemination of the cover narrative of Defendant was to discredit and deny the true facts that The Breakers had ejected Mr. James from the Hotel for reasons of racial animus.

81. Defendants' outrageous and unlawful conduct has directly and proximately caused severe emotional distress to the Plaintiff.

82. In addition to suffering severe emotional distress at the hands of Defendants, Plaintiff suffered hardship, including economic damages, compensatory damages, and incidental and consequential damages.

WHEREFORE, Plaintiff OLIVER JAMES demands judgment against Defendant LEONE for compensatory damages, costs, and such other and further relief as is deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

The plaintiff demands trial by jury of all issues so triable.

Dated this 3rd day of January 2025.

                Respectfully submitted,

                WEIL LAW FIRM, P.A.
                201 South Biscayne Boulevard
                Citigroup Center
                27TH Floor
                Miami, FL 33131
                Telephone: 305.372.5352
                Facsimile: 305.372.5355

                By: */s/ Ronald P. Weil*
                Ronald P. Weil, Esq. (FBN 169977)
                E-Mail: ronald@weillawfirm.net
                Sec. E-Mail: Service@weillawfirm.net

                ***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2025, I served a copy of the Complaint and any other relevant documents via email on Holly Griffin Goodman Esq. at hgoodman@gunster.com.