UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MIAMI
DIVISION

CASE NO.: 25-80014-CIV-CANNON

OLIVER JAMES

    Plaintiff,
v.

FLAGLER SYSTEM, INC., a Florida corporation,
THE BREAKERS, PALM BEACH, INC.
d/b/a THE BREAKERS HOTEL, a Florida corporation,
CARRIE O'DEA, an individual, ARTHUR BIRMELIN,
an individual, GINO SILVESTRE, an individual, and
PAUL N. LEONE, an individual

    Defendants

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW Plaintiff, OLIVER JAMES, by and through the undersigned counsel, pursuant to Local Rule 7.1(c) of the Southern District of Florida, and files this Sur-Reply to Defendants' Reply in Support of Motion to Dismiss Amended Complaint (D.E. 26). In support of this motion, Plaintiff states as follows:

Defendants' motion rests on the presumption, nowhere supported by law, that Plaintiff, a registered guest of the hotel for one night, is somehow required to identify white comparators who also used unauthorized media equipment and were likewise approached, admonished and then ejected from the hotel with the hotel's full knowledge that each were hotel guests. Embracing that presumption would essentially nullify most, if not all, allegations of racial discrimination in public accommodations at the pleading stage. It is also not the law.

As this Court is well aware, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) itself acknowledged that "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("[T]he precise requirements of a prima facie case can vary depending on the context ...."); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999); (restating that the Eleventh Circuit has "repeatedly emphasized that the requisite showings that make up a prima facie case are not meant to be rigid or inflexible."); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (holding that even at the summary judgment stage, where other evidence of racial discrimination is proffered, the absence of comparator evidence is not disqualifying); *Belfast v. Upsilon Chapter of Pi Kappa Alpha Fraternity at Auburn Univ.*, 267 F.Supp.2d 1139, 1145 (M.D. Ala. 2003) (explaining that at the motion to dismiss stage of litigation, "[p]laintiff cannot be expected to do more than allege racial motivation or bias" because "factual information relating to motive and purpose is peculiarly in the hands (and minds) of the Defendants").

To be clear, as set forth below, Plaintiff's allegations do not rest solely on a comparator analysis. The Amended Complaint sets out factual allegations all of which properly give rise to an inference of discrimination:

1. **Pretextual Justification**: Plaintiff alleges that Defendants' stated reasons for his removal—violating an unpublished "no tripod rule" and disturbing guests—were fabricated, as he was alone and not disruptive [D.E. 20 ¶¶ 17-18]. This suggests racial animus, as the reasons lacked factual basis.

2. **Defendant O'Dea's Knowledge and Actions**: O'Dea verified Plaintiff's status as a registered guest and Barbara Bush Foundation speaker but directed his eviction, falsely claiming he disturbed guests [D.E. 20 ¶¶ 19, 46]. Her actions, approved by supervisors, indicate intentional discrimination [D.E. 20 ¶ 19].

3. **Defendant Leone's Cover-Up**: Post-ejection, CEO Leone orchestrated a false narrative, issuing a press release claiming Plaintiff violated hotel policies despite knowing from security footage and reports that Plaintiff was non-disruptive [D.E. 20 ¶¶ 27-28]. This cover-up extended the harm, reinforcing discriminatory intent.

4. **Racial Profiling Recognition**: Plaintiff recognized during the incident that he was being racially profiled, supported by the absence of any legitimate disturbance [D.E. 20 ¶ 18]. This subjective experience, combined with objective facts, bolsters the inference of discrimination.

5. **Prior Knowledge of O'Dea's Bias**: Defendants had prior knowledge of O'Dea's racial animus from complaints or interactions with minority guests, yet retained her in a security role [D.E. 20 ¶¶ 20, 33]. This suggests a pattern of tolerating discriminatory behavior.

Collectively, these allegations, on their own, absent allegations of white comparators, are sufficient to raise a plausible inference of intentional discrimination. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (identification of specific comparators unnecessary at the pleading stage).

Defendants' newly cited authorities are unavailing. *Coar v. Pemco Aeroplex, Inc.*, 372 Fed. App'x 1 (11th Cir. 2010); *Earle v. Birmingham Bd. of Edu.*, 843 Fed. App'x 164 (11th Cir. 2021); *Sillah v. Burwell*, 244 F. Supp. 3d 499 (D. Md. 2017); *Banks v. Cypress Chase Condo Ass'n B, Inc.*, 616 F. Supp. 3d 1316 (S.D. Fla. 2022). First, each involved alleged employment discrimination where the identification of comparators was both essential and more likely to be apparent to the plaintiff employee. As well, *Earle* and *Coar* were appeals from the entry of summary judgment orders where discovery initiatives had failed to yield sufficient comparator evidence. In *Sillah* dismissal was warranted where unlike Mr. James' allegations, the core allegations of discrimination were "entirely" comparator-based. *Coar v. Pemco Aeroplex, Inc.*, 372 Fed. App'x 1 *Id.* at *5-6 (11th Cir. 2010), suffered from the same infirmity: insufficient evidence of employee comparators. So, too, in *Banks v. Cypress Chase Condo Ass'n B, Inc.*, 616 F. Supp. 3d 1316, 1321 (S.D. Fla. 2022), the failure of plaintiff to identify employee comparators led to the dismissal of the complaint.

Accordingly, Plaintiff has sufficiently pled a claim for racial discrimination under Section 1981.

Finally, Plaintiff's negligence allegations are not upended by Defendant's reliance on *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1342 (S.D. Fla. 2016). Unlike Thompson, Plaintiff provides specific allegations supporting Defendants' knowledge of O'Dea's racial animus: Defendant Breaker's knowledge of O'Dea's racial bias based on prior incidents or complaints of discriminatory prior to her retention hiring [D.E. 20 ¶ 53] and during her retention. [D.E. 20 ¶ 67]; that under CEO Leone's leadership, Defendants knew or should have known of O'Dea's discriminatory bias and failed to act [D.E. 20 ¶ 33]; and nonetheless placed O'Dea in a security role where her history made harm foreseeable [D.E. 20 ¶ 54].

WHEREFORE, Plaintiff, OLIVER JAMES, respectfully requests that this Court deny Defendants' Motion to Dismiss, and award any other and further relief the Court deems just and proper.

Respectfully submitted,

**WEIL LAW FIRM, P.A.**
CITIGROUP CENTER, 27th Floor
201 South Biscayne Blvd.
Miami, FL  33131
Telephone:    305.372.5352
Facsimile:     305.372.5355
By: */s/ Ronald P. Weil*
**RONALD P. WEIL** (FBN 169966)
Email: Rweil@weillawfirm.net
Secondary: service@weillawfirm.net
**LILIAN RODRIGUEZ-BAZ**
(FBN 107397)
Email: Lilian@weillawfirm.net

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2025, a true and correct copy of the foregoing was served via e-mail to all counsel or parties of record on the Service List.

By: */s/ Ronald P. Weil*
**RONALD P. WEIL**