# EXHIBIT 3

**STATE OF FLORIDA**
**DIVISION OF ADMINISTRATIVE HEARINGS**

**Oliver James,**

    Petitioner,

v.

    Case No. 24-2523
    Agency Case No. 2024-55499

**The Breakers Palm Beach, Inc.,**

    Respondent.

_____/

## PETITIONER, OLIVER JAMES'S, RESPONSE AND OBJECTIONS TO RESPONDENT'S REQUESTS FOR ADMISSION TO PETITIONER

Petitioner, Oliver James, pursuant to Florida Rule of Civil Procedure 1.370, and by and through the undersigned counsel, hereby responds to Respondent's Requests for Admissions to Petitioner, filed on or about July 26, 2024, as follows:

1. Admit that You were not reading any book at the time You were first approached by a security guard during the Ocean Lawn Incident.

    **RESPONSE: Denied, as phrased. At the time Petitioner was first approached by a security guard during the Ocean Lawn Incident, he was performing a physical "warm-up" prior to reading his book.**

2. Admit that You were not holding any book in Your hands at the time You were first approached by a security guard during the Ocean Lawn Incident.

    **RESPONSE: Admit.**

3. Admit that You were not sitting at the time You were first approached by a security guard during the Ocean Lawn Incident.

    **RESPONSE: Admit.**

WEIL LAW FIRM, P.A.

Citigroup Center, 201 South Biscayne Blvd., 27th Floor, Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

4. Admit that You were not exercising at the time You were first approached by a security guard during the Ocean Lawn Incident.

   **RESPONSE: Denied, as phrased. At the time Petitioner was first approached by a security guard during the Ocean Lawn Incident, he was performing a physical "warm-up" prior to reading his book.**

5. Admit that during your first interaction with a security guard during the Ocean Lawn Incident, the security guard told You The Breakers does not allow tripods.

   **RESPONSE: Admit.**

6. Admit that You told the security guard who first approached You during the Ocean Lawn Incident that You would not talk to him.

   **RESPONSE: Admit.**

7. Admit that You told the security guard who first approached You during the Ocean Lawn Incident that You would not answer his questions.

   **RESPONSE: Admit.**

8. Admit that You did not tell the security guard who first approached You during the Ocean Lawn Incident Your identity during Your first interaction with him.

   **RESPONSE: Admit.**

9. Admit that You did not tell the security guard who first approached You during the Ocean Lawn Incident that You were a guest at The Breakers during Your first interaction with him.

   **RESPONSE: Admit.**

10. Admit that You continued to use a tripod after You were advised by the security guard who first approached You during the Ocean Lawn Incident that the Breakers does not allow the use of tripods.

    **RESPONSE: Admit.**

11. Admit that You stayed at The Breakers the night of November 12, 2023.

    **RESPONSE: Admit.**

12. Admit that You did not pay The Breakers for a room for November 12, 2023.

    **RESPONSE: Objection, relevance. This is an administrative action being brought pursuant to Florida Statute § 760.11(7), where the sole focus of this proceeding is whether reasonable cause exists to believe that Respondent has committed a violation of the Florida Civil Rights Act of 1992. "Relevant evidence is evidence tending to prove or disprove a material fact." Fla. Stat. § 90.401. Plainly, whether Petitioner or some third party paid for Petitioner's stay at The Breakers prior to being discriminated against by employees of Respondent is not relevant to the determination of whether Respondent committed unlawful public accommodation discrimination against Petitioner.**

13. Admit that You did not pay The Breakers for a room for November 13, 2023.

    **RESPONSE: Objection, relevance. This is an administrative action being brought pursuant to Florida Statute § 760.11(7), where the sole focus of this proceeding is whether reasonable cause exists to believe that Respondent has committed a violation of the Florida Civil Rights Act of 1992. "Relevant evidence is evidence tending to prove or disprove a material fact." Fla. Stat. § 90.401. Plainly, whether Petitioner or some third party paid for Petitioner's stay at The Breakers prior to being discriminated against by employees of Respondent is not relevant to the determination of whether Respondent committed unlawful public accommodation discrimination against Petitioner.**

14. Admit that You received TikTok LIVE Gifts from individuals who watched Your TikTok Live during the Ocean Lawn Incident.

    **RESPONSE: Objection, relevance. This is an administrative action being brought pursuant to Florida Statute § 760.11(7), where the sole focus of this proceeding is whether reasonable cause exists to believe that Respondent has committed a violation of the Florida Civil Rights Act of 1992. "Relevant evidence is evidence tending to prove or disprove a material fact." Fla. Stat. § 90.401. Plainly, whether Petitioner received TikTok LIVE Gifts from virtual witnesses to the acts of discrimination committed by Respondent is not relevant to the determination of whether Respondent committed unlawful public accommodation discrimination against Petitioner.**

15. Admit that You received payments from individuals who watched Your Tik-Tok LIVE during the Ocean Lawn Incident.

    **RESPONSE: Objection, relevance. This is an administrative action being brought pursuant to Florida Statute § 760.11(7), where the sole focus of this proceeding is whether reasonable cause exists to believe that Respondent has committed a violation of the Florida Civil Rights Act of 1992. "Relevant evidence is evidence tending to prove or disprove a material fact." Fla. Stat. § 90.401. Plainly, whether Petitioner**

received payments from virtual witnesses to the acts of discrimination committed by Respondent is not relevant to the determination of whether Respondent committed unlawful public accommodation discrimination against Petitioner.

Respectfully submitted,

**WEIL LAW FIRM, P.A.**
CITIGROUP CENTER, 27th Floor
201 South Biscayne Blvd.
Miami, FL 33131
Telephone:    305.372.5352
Facsimile:      305.372.5355

By: */s/ Ronald P. Weil*
**RONALD P. WEIL** (FBN 169966)
E-Mail: RWeil@weillawfirm.net
Secondary: Service@weillawfirm.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

*I hereby certify* that pursuant to Fla.R.Jud.Admin. 2.516 a true and correct copy of the foregoing was served through the E-Filing portal upon all counsel of record this 28th day of August, 2024.

By: */s/ Ronald P. Weil*
**RONALD P. WEIL**