**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:25-cv-80014-AMC**

OLIVER JAMES,

      Plaintiff,

v.

FLAGLER SYSTEM, INC., a Florida
corporation, THE BREAKERS PALM
BEACH, INC. d/b/a THE BREAKERS
HOTEL, a Florida corporation, CORRIE
O'DEA, an individual, ARTHUR
BIRMELIN, an individual, GINO
SILVESTRE, an individual, and PAUL N
LEONE, an individual,

      Defendant.

_____/

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants, Flagler System, Inc., The Breakers Palm Beach, Inc. d/b/a The Breakers Hotel

("The Breakers"), Corrie O'Dea, and Paul Leone (collectively, "Defendants"), pursuant to Rule

72, Federal Rules of Civil Procedure, respectfully submit these objections to portions of the Report

and Recommendation [DE 70] for this Court's review, and in support state:

In reviewing the Report and Recommendation, Defendants realize that in focusing on

specific factual allegations in their Second Motion for Sanctions, Defendants were not as clear on

the overall context of their arguments regarding Plaintiff's misstatements. Through specific factual

misstatements – statements known to be false to Plaintiff and his counsel as they are contradicted

by video evidence from Plaintiff himself, body camera footage from responding police, and

Plaintiff's own sworn testimony from admissions and deposition testimony in a prior proceeding

– Plaintiff painted a false narrative of the events leading to his removal in November 2023. As a

result, Defendants respectfully object to the Report and Recommendation's findings that (1) Plaintiff did not allege he was reading when approached by The Breakers' security, (2) Plaintiff did not disturb guests, and (3) that Defendant O'Dea directed Palm Beach Police to remove Plaintiff.

In his Amended Complaint, Plaintiff made several factual misstatements that, taken together, painted a false narrative related to the events at The Breakers in November 2023. These factual misstatements include (1) that Plaintiff was "preparing to read," "rehearsing," or "practicing his reading from a book" when he was approached by The Breakers' security [DE 20 at ¶¶15 - 17],[1] (2) that Defendant O'Dea approached him while he was conversing with security, [DE 20 at ¶ 17] and (3) he was then ejected for disturbing guests when he had been "alone all that morning practicing his reading from a book." [DE 20 at ¶ 17]. Considered as a whole, the thrust of Plaintiff's allegations is that he was standing alone, doing nothing more than practicing reading from a book (or "rehearsing") when he was approached by security and that, while he was speaking with security (implying he was in full cooperation), Defendant O'Dea approached him with the police, with no new basis to do so, and directed his removal from the property for doing nothing more than practicing reading from his book. This whole narrative is false.

---

[1] The Report and Recommendation correctly states that Defendants' motion contains a cut and paste error. Defendants inadvertently attributed Plaintiff's claim that he was "reading from a book" to Paragraph 15 of the Amended Complaint, when it was, in fact, alleged in Paragraph 15 of the *original* Complaint. Paragraph 15 of the Amended Complaint alleges that Plaintiff was "preparing to read a book," and the next two paragraphs allege Plaintiff was "rehearsing" and "practicing his reading from a book". [DE 20 at ¶¶ 15-17]. Defendants regret the editing error, but the allegations demonstrate that Defendants' arguments are correct: Plaintiff misrepresented his behavior in his Complaint and Amended Complaint. Plaintiff was not innocently reading when approached by security, as alleged, but was acting unusually in the manner described in Defendants' Motion as reflected in Plaintiff's testimony and other video evidence.

In reality, the factual evidence known to Plaintiff's counsel at the time counsel filed the Amended Complaint[2] paints a completely different picture. Plaintiff was not just "practicing his reading from a book" when he was approached by security. He was dancing, pacing back and forth, talking out loud to himself, and possibly singing, while filming himself with his phone set atop a tripod. *See* [DE 51 at pp. 4-6] (citing Ptf.'s Depo. Tr. at 43:11-16, 43:20-45:22, 54:22-55:2); *see also* [DE 64 at 231113092714 SoutheastRooftopPTZ(1)1.wmv]. While there may not have been anyone in his immediate vicinity, he was certainly doing more than "practicing his reading from a book" and, in fact, admitted that he did not have a book in his hands until after he was approached by security. [DE 51 at p. 5-6] (citing Ptf.'s Depo. Tr. at 99:4-8, and Ptf.'s Resp. to Req. for Admission No. 1).

When approached, Plaintiff did not speak cooperatively with security. Rather, he admits he refused to answer questions from the security officer who approached him, including whether he was a guest at the Hotel, and told the security officer that he would not answer his questions. [DE 51 at p. 6] (citing Ptf.'s Depo. Tr. at 62:13-64:25); *see also* [DE 64 at LIVE video at Breakers Hotel.mp4]. This resulted in the security guard <u>walking away</u>, after which Plaintiff yelled obscenities (including the "f" word) into his camera and called out to nearby guests. *See* [DE 64 at LIVE video at Breakers Hotel.mp4]. Plaintiff admitted that he knew the police would be called when he refused to cooperate with security. [DE 51 at p. 6] (citing Ptf.'s Depo. Tr. at 62:13-64:25). He also admitted that yelling obscenities into his camera qualifies as a disturbance. [DE 51 at p. 6] (citing Ptf.'s Depo. Tr. at 99:21-100:5). It was only then, <u>after</u> Plaintiff refused to answer simple

---

[2] As described in the Second Motion for Sanctions, the Reply in Support of the Second Motion for Sanctions, and in the video files and deposition transcript filed in the Court record as part of the resolution of the sanctions motion, there was substantial discovery taken during the administrative process before the Division of Administrative Hearings that concluded before Plaintiff filed either his initial or Amended Complaints in this case.

questions such as whether he was a guest, that Defendant O'Dea approached with the police, and it was during that second interaction (during which Plaintiff ignored the police and also refused to answer their questions) that Defendant O'Dea directed his removal from the premises. *See* [DE 64 at LIVE video at Breakers Hotel.mp4; Extraction 1.1 Extraction 2.1 Ofc Rothenburg BWC 23-317070.mp4].

The Report and Recommendation determines that the statement that Defendant O'Dea directed Plaintiff's removal is not false and finds that as a point in Plaintiff's favor. But Defendants do not dispute that Defendant O'Dea directed Plaintiff's removal. The dispute is the *timing*, because Plaintiff's Amended Complaint states that Defendant O'Dea approached and directed his removal "*while [his conversation with the initial security guard] was progressing*." [DE 20 at ¶ 17]. This falsely portrays that Plaintiff was cooperating with security and there was no new basis for Defendant O'Dea to direct his removal outside of the behavior leading to the initial approach. This inaccurately omits that Plaintiff refused to cooperate with the initial security guard, engaged in disruptive behavior after security walked away, and then refused to cooperate with the police, all of which is what led to his removal.

Similarly, Plaintiff's truncation of the timeline creates a factual misstatement as it relates to Plaintiff's assertion that The Breakers presented a false reason for his removal from the property. In the Second Motion for Sanctions, Defendants challenged Plaintiff's allegation that "the assertion that [Plaintiff] had been disturbing guests was fabricated and false." [DE 51 at p. 6]. The Report and Recommendation determines that Plaintiff had a reasonable basis to believe that the assertion that he was *approached by security* for disturbing guests was false. But in Paragraph 17 of the Amended Complaint, Plaintiff alleges that Defendant O'Dea "specifically direct[ed] officers to remove Mr. James from the premises of the Hotel, using the pretext that Mr. James had been

'disturbing guests.' In fact, Mr. James had been alone all that morning, practicing his reading from a book, and the assertion that he had been disturbing guests was fabricated and false.'" [DE 20 at ¶ 17]. In context, the statement is a challenge to his removal (not initial approach) and it plays into the condensed narrative that Plaintiff portrays, ignoring the real facts of his behavior and presenting a false picture that there was no distinction between his behavior *before being approached by security* and his behavior *before Defendant O'Dea directed his removal from the property*. As described above, after being approached by security, Plaintiff told the security guard that he would not answer his questions, yelled profanities into his camera, and yelled out to guests before Defendant O'Dea approached him with police and asked that he be removed. Plaintiff admitted that this would constitute a "disturbance" in contradiction to his later allegation that this was a pretextual (and false) reason for his removal.

While Defendants identified these three specific factual misstatements in their Second Motion for Sanctions, the reason was the overall false narrative presented by those statements taken as a whole. For the reasons discussed herein, Defendants respectfully object to the above identified findings in the Report and Recommendation and request this Court review those findings and enter an order providing all relief the Court deems just and proper.

Date: February 26, 2026

Respectfully submitted,

**GUNSTER, YOAKLEY & STEWART, P.A.**
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
(561) 655-1980

*/s/ Holly Griffin Goodman*
**Gregor J. Schwinghammer, Esq.**
Florida Bar No. 90158
gschwinghammer@gunster.com
jfirogenis@gunster.com
eservice@gunster.com
**Holly Griffin Goodman, Esq.**
Florida Bar No. 93213
hgoodman@gunster.com
lmusco@gunster.com
**Ryan C. Childress, Esq.**
Florida Bar No. 1049623
rchildress@gunster.com
mmargolese@gunster.com

*Attorneys for Defendants*

## SERVICE LIST

**WEIL LAW FIRM, P.A.**
**201 SOUTH BISCAYNE BOULEVARD**
**CITIGROUP CENTER, 27TH FLOOR**
**MIAMI, FL 33131**
**(305) 372-5352**
**RONALD WEIL**
RWEIL@WEILLAWFIRM.NET
SERVICE@WEILLAWFIRM.NET

*ATTORNEY FOR PLAINTIFF*