UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80014-CIV-CANNON/McCabe

OLIVER JAMES,

Plaintiff,

v.

FLAGLER SYSTEM, INC., *et al.*,

Defendants.

_____/

## ORDER ACCEPTING IN PART REPORT & RECOMMENDATION

**THIS CAUSE** comes before the Court upon Defendants' Motion for Sanctions (the "Motion") [ECF No. 51] and Magistrate Judge Ryon M. McCabe's Report and Recommendation on the Motion (the "Report") [ECF No. 70]. The Report recommends imposing $1,000 in Rule 11 sanctions against Plaintiff's counsel and referring Plaintiff's counsel to the Southern District of Florida's Committee on Attorney Admissions, Peer Review, and Attorney Grievance (the "Grievance Committee"), but denying Defendant's request for attorney's fees [ECF No. 70]. The Court has reviewed the Motion, Plaintiff's Response [ECF No. 53], Defendants' Reply [ECF No. 54], the Report, the parties' objections to the Report [ECF Nos. 71–72], Defendants' Reply to Plaintiff's Objections [ECF No. 73], and the full record.[1]   Upon review, the Report is **ACCEPTED IN PART**, and Defendants' Motion is **GRANTED IN PART**. The Court **SANCTIONS** Counsel for Plaintiff, Ronald Weil, in the higher amount of $1,500, to be paid into

---

[1] Plaintiff failed to file a reply to Defendants' Objections, and the time to do so has passed. *See* S.D. Fla. Magistrate Judge Rule 4(a)(1).

the registry of the Court, and **REFERS** Ronald Weil to Southern District of Florida's Grievance Committee as recommended in the Report.

## RELEVANT BACKGROUND

For efficiency, the Court incorporates the factual and procedural background as laid forth in its Order Granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Dismissing With Prejudice [ECF No. 49]. To briefly summarize, Plaintiff, a black man, is a social media influencer and child literacy advocate who was invited back in November 2023 to speak at a child literacy program hosted by The Barbara Bush Foundation [ECF No. 20 ¶¶ 13–14]. Plaintiff was a hotel guest at Defendant The Breakers Hotel (the "Breakers"), but he was removed from the property by the Palm Beach Police Department at the behest of Breakers' security staff, including Defendant Corrie O'Dea [ECF No. 20 ¶¶ 11–19]. Plaintiff sued Defendants on the theory that he was removed on account of his race [*see generally* ECF Nos. 1, 20]. Plaintiff moved to dismiss Plaintiff's Amended Complaint [ECF No. 24], which the Court granted after holding a hearing, dismissing Plaintiff's claims with prejudice [ECF Nos. 47, 49].

After the Court's dismissal of Plaintiff's claims, Defendants moved for sanctions pursuant to Rule 11, arguing that Plaintiff's Counsel, Ronald Weil, made unsupported factual allegations and knew that Plaintiff's claims lacked any basis in law [ECF No. 51]. *See* Fed. R. Civ. P. 11. Regarding the factual allegations, Defendants emphasize that, before filing suit in federal court, Plaintiff had filed a complaint with the Florida Commission on Human Relations ("FCHR"). As part of the FCHR proceedings, Plaintiff and Defendants engaged in extensive discovery, including taking Plaintiff's deposition and obtaining footage of the incident captured on security cameras, Plaintiff's social media page (TikTok), and police body cameras [ECF No. 51 pp. 1–2; *see also* ECF Nos. 62, 64 (notices of conventional filing of footage); ECF No. 69-1 (deposition transcript)].

Defendants contend that, despite having this discovery prior to filing the Amended Complaint, Plaintiff's Counsel still made allegations refuted by this discovery and thus made factual allegations which he knew were unsupported and false [ECF No. 51 pp. 3–10]. Defendants specifically point to Plaintiff's allegations that he was reading a book when approached by security [ECF No. 20 ¶ 15], that he was not disturbing any guests [ECF No. 20 ¶¶ 17–18], that O'Dea directed the police to remove Plaintiff [ECF No. 20 ¶ 17], that Plaintiff missed his speaking engagement [ECF No. 20 ¶¶ 14–15, 26], and that O'Dea knew Plaintiff was a hotel guest when she directed the police to remove Plaintiff [ECF No. 20 ¶ 19]. Defendants argue that these statements are all false and refuted by either Plaintiff's deposition, the footage, or both [ECF No. 51 pp. 3–10]. And finally, Defendants contend that Plaintiff's claim against Defendant Paul Leone (the CEO of the Breakers), brought under 42 U.S.C. § 1981, lacked any legal basis, as Leone was not involved in any way with Plaintiff's removal from the property [ECF No. 51 pp. 10–11].

The Court referred Defendants' Motion to Magistrate Judge McCabe for a Report and Recommendation [ECF No. 52]. After holding a hearing [ECF No. 61], Magistrate Judge McCabe issued the Report [ECF No. 70], recommending that Defendants' Motion be granted in part. Specifically, the Report finds that Plaintiff's factual allegations that he missed his speaking engagement and that O'Dea knew Plaintiff was a hotel guest prior to directing his removal were factually false [ECF No. 70 pp. 14–17]. As for the other factual allegations, the Report concludes that either the allegations were true (i.e., O'Dea directing the police to remove Plaintiff) or that the allegations did not show a deliberate indifference to obvious facts (i.e., Plaintiff reading a book when approached and Plaintiff disturbing guests) [ECF No. 70 pp. 9–13]. The Report also reasons that Plaintiff's § 1981 theory was not sanctionable, as the theory was not foreclosed by precedent and "[l]awyers should not be sanctioned for raising novel legal arguments, especially issues of first

3

impression" [ECF No. 70 pp. 8–9].  Ultimately, to account for the false allegations in Plaintiff's Amended Complaint, the Report recommends imposition of a $1,000 monetary sanction against Plaintiff's counsel, pursuant to Federal Rule of Civil Procedure 11(c), to be paid into the registry of the Court [ECF No. 70 pp. 18–19].  Finally, the Report sua sponte recommends that the Court refer Ronald Weil to the Southern District of Florida's Committee on Attorney Admissions, Peer Review, and Attorney Grievance [ECF No. 70 pp. 19–20].  The Report points to Weil's conduct during Plaintiff's deposition, including "his repeated speaking objections and attempts to demean and insult his opposing counsel" [ECF No. 70 pp. 19–20; *see also* ECF No. 69-1 pp. 84, 123 (deposition transcript)].

The parties timely objected to the Report [ECF Nos. 71–72], and Defendants replied to Plaintiff's objections [ECF No. 73].  Defendants' Motion and the Report are now ripe for review.

**LEGAL STANDARDS**

**Review of a Magistrate Judge's Report and Recommendation**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "Frivolous, conclusive, or general objections need not be considered by the district court."  *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quotation omitted).  Further, arguments not raised before the magistrate judge cannot be raised for the first time in objecting to the proposed findings and recommendations.  *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (affirming district court's discretion to not consider arguments that were "not presented to the magistrate judge"); *see also Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987)

("Parties must take before the magistrate, not only their 'best shot' but all of their shots." (quotation omitted)).

A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**Rule 11 Sanctions**

Under Federal Rule of Civil Procedure 11(b), when an attorney presents to the Court "a pleading, written motion, or other paper," he "certifies that[,] to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that (among other things):

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

Fed. R. Civ. P. 11(b). If an attorney violates this rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"In this circuit, three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (quotation omitted).

"[A] court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation omitted).  "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (footnotes omitted) (quotation omitted).

Rule 11 is not the only source of the Court's sanction authority.  For instance, sanctions imposed for discovery conduct and violations are expressly carved out of Rule 11.  *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").  Rather, the Rules pertaining to discovery provide separate sanction authority.  *See, e.g.*, Fed. R. Civ. P. 26(g)(3); 30(d)(2); 37.

### PARTIES' OBJECTIONS

Plaintiff raises three objections to the Report.  First, Plaintiff contends that the Report erred in sua sponte sanctioning Plaintiff's Counsel for his deposition conduct, characterizing the sanction as a Rule 11(c) sanction imposed without notice and an opportunity to respond [ECF No. 71 pp. 2–3].  Second, Plaintiff asserts that the false statements in the Amended Complaint regarding Plaintiff's attendance at the Barbara Bush Foundation's Event were the product of Counsel's reliance on information shielded by attorney-client and work-product privileges [ECF No. 71 p. 4].  Third, Plaintiff maintains that the Amended Complaint's allegations regarding O'Dea's knowledge of Plaintiff's guest status had evidentiary support [ECF No. 71 pp. 4–6].

Defendants also object to the Report.  Defendants argue that the allegations of the Amended Complaint must be considered "as a whole" [ECF No. 72 p. 2].  Defendants maintain that Plaintiff's overall portrayal and narrative of the events at question is false [ECF No. 72 p. 5].  Specifically, as to the allegations that Plaintiff was disturbing guests, Defendants argue that, before Plaintiff's removal, he was disturbing guests, and thus, Defendants basis for removal was not pretextual [ECF No. 72 p. 4–5].

**DISCUSSION**

**I.      Plaintiff's Objections Fail**.

      **A.      The Report's recommendation to refer Plaintiff's counsel to the Grievance Committee was not made pursuant to Rule 11**.

Plaintiff argues that the referral to the Grievance Committee, recommended sua sponte in the Report in light of Plaintiff's deposition conduct, constitutes a Rule 11 sanction such that the Court must provide him with notice and an opportunity to be heard before it can be imposed [ECF No. 71 pp. 2–3].  The problem for Plaintiff is that the Report does not recommend referral on the basis of Rule 11.  Rather, as Defendants rightly point out in their Reply to Plaintiff's Objections [ECF No. 73 pp. 1–2], the Report explicitly makes this referral pursuant to Rule 6(c)(1) of the Southern District of Florida's Local Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys (the "S.D. Fla. Local Attorney Rules") [ECF No. 70 p. 20].  Further, as Defendants also correctly note [ECF No. 73 pp. 1–2], this referral is not a sanction but is rather a referral that may be made in the Court's discretion, and which may not even result in any disciplinary recommendations.  *See* S.D. Fla. Local Attorney Rule 6(c); *see also Adkins v. Christie*, 227 F. App'x 804, 806 (11th Cir. 2007) ("A referral cannot be characterized as a sanction or a disciplinary measure.  Through a referral, a district court simply indicates that in its view, conduct of the attorneys merits further examination by the disciplinary committee, which may or may not

7

result in a sanction.").[2]   Upon review, the Court shares the Report's concerns regarding Weil's manifestly unprofessional and juvenile deposition conduct; overrules Plaintiff's objection to the Report's referral recommendation; and refers Weil to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance.

      **B.**      **There was no good faith basis to allege that Plaintiff missed his speaking engagement**.

Plaintiff argues that Weil had a good faith basis for alleging in the Amended Complaint that Plaintiff missed his speaking engagement, but that Plaintiff cannot disclose more without violating attorney-client privilege and work-product privilege [ECF No. 71 p. 4].  This argument is clearly contradicted by the record.  As Defendants' point out [ECF No. 73 pp. 3–4], Plaintiff had already been deposed prior to the filing of the Amended Complaint: Plaintiff was deposed on October 24, 2024 [ECF No. 69-1], and filed his Amended Complaint on April 8, 2025 [ECF No. 20].  Weil was present for this deposition [ECF No. 69-1 p. 2], and in this deposition, Plaintiff testified that he attended the literacy event [ECF No. 69-1 pp. 95, 97].  Defendants also point out that Plaintiff produced, in discovery as part of the FCHR proceedings, a video of himself at the event [ECF No. 51 p. 7; ECF No. 73 p. 4]—an assertion that Plaintiff neither addresses nor rebuts.  Thus, there is no plausible way that Weil could have, in good faith, believed that Plaintiff missed his speaking engagement in light of Plaintiff's deposition taken well before the allegations of the Amended Complaint—a deposition at which Weil was present—and Plaintiff's own video

---

[2] While not raised by the Report or the parties, the Court also notes that, had the Report recommended sanctions for Weil's deposition conduct, such sanctions would be pursuant to Rule 30(d)(2), not Rule 11.  *Compare* Fed. R. Civ. P. 30(d)(2), *with* Fed. R. Civ. P. 11(d).  Indeed, Rule 11 specifically excludes discovery conduct from Rule 11 sanctions.  *See* Fed. R. Civ. P. 11(d). Thus, Plaintiff's objection would be unfounded even if the Report had recommended a sanction for Weil's deposition conduct.

showing himself at the event.[3]  Plaintiff's objection is accordingly overruled, and the Court accepts

the Report's finding that the allegations made in the Amended Complaint that Plaintiff missed his

speaking engagement [ECF No. 20 ¶¶ 14–15, 26] were made in violation of Rule 11.  The Court

likewise accepts the Report's recommendation to impose sanctions for this violation.

**C.      Plaintiff falsely alleged that O'Dea directed his eviction despite knowing he
was a hotel guest**.

Plaintiff criticizes the Report for determining that Plaintiff's allegations regarding O'Dea's

knowledge of his guest status were false [ECF No. 71 pp. 4–6].  Plaintiff reasons that "[n]owhere

in the complaint does it indicate that O'Dea learned of this information prior to the initial

encounter" with Plaintiff; rather, "O'Dea unequivocally knew and did confirm this information

prior to his ultimate ejection from the property" [ECF No. 71 p. 6].  This argument is unavailing.

Plaintiff's Amended Complaint specifically alleges that:

> The Hotel employee at the scene of Mr. James' apprehension, Defendant O'Dea,
> knew and had confirmed through Hotel records that Plaintiff was both a registered
> guest and a scheduled guest speaker for the Barbara Bush Foundation event.  She
> did not disclose that information to the police officers and only informed them that
> Mr. James was disturbing other guests, which statement was false in fact and
> subterfuge for the racial profiling of Mr. James, and his wrongful ejection from the
> Hotel.  Despite verifying this information, and after consulting with her supervisors,
> O'Dea directed the officers to evict Plaintiff.

[ECF No. 20 ¶ 19].  This allegation clearly asserts that O'Dea knew of Plaintiff's guest status

before directing the officers to evict Plaintiff.  While Plaintiff is correct that the Amended

Complaint did not allege that O'Dea knew of Plaintiff's guest status prior to the initial encounter,

---

[3] Though not raised by Defendants, another independent reason for rejecting Plaintiff's argument
is the fact that Plaintiff never raised this argument before Magistrate Judge McCabe.  Plaintiff first
raises this argument in his objections, having never argued below that these false allegations were
justified in light of privileged information Weil had received [*contrast* ECF No. 53 (Plaintiff's
Response to Defendants' Motion for Sanctions), *with* ECF No. 71 [Plaintiff's Objections to the
Report)].  The Court thus rejects this argument that was made for the first time in Plaintiff's
Objections. *See, e.g.*, *Williams*, 557 F.3d at 1291; *Borden*, 836 F.2d at 6.

it alleged that O'Dea knew of this status prior to directing the police to evict Plaintiff.  As the Report correctly finds (and as the police body camera footage supports) [ECF No. 70 pp. 15–17], this allegation was false; neither O'Dea nor the police knew of Plaintiff's guest status until after O'Dea had already directed the police to remove O'Dea.

Plaintiff tries to escape this reality by redefining the moment of eviction to be the moment Plaintiff was actually physically removed from the property [ECF No. 71 p. 6].  Even if the Court were to accept Plaintiff's theory regarding the moment of eviction, Plaintiff's allegation is still false.  Plaintiff's allegation focuses not on the moment of eviction, but on the moment when O'Dea directed the police to evict Plaintiff [*see* ECF 20 ¶ 19 ("Despite verifying this information . . . O'Dea *directed* the officers to evict Plaintiff" (emphasis added))].  This allegation is false, as Defendants rightly explain:

> The allegation addresses whether Ms. O'Dea knew he was a guest **when she directed the officers to evict** Plaintiff from the property.  Therefore, regardless of Plaintiff's (faulty) arguments regarding the timing of what constitutes an official 'eviction,' his allegation remains factually untrue. . . . Ms. O'Dea did not learn that Plaintiff was a guest of the hotel until **after** she **directed** the police to remove him, even if such information was learned before he physically left the property.

[ECF No. 73 p. 3].  Therefore, the Report correctly finds that Plaintiff's allegations were false and made in violation of Rule 11.  The Court overrules Plaintiff's objection on this point and accepts the Report's recommendation to impose sanctions for this violation.

II.      **Defendants' Objections are sustained in part**.

Defendants fault the Report for failing to take into account the "overall false narrative presented by" Plaintiff's allegations when "taken as a whole" [ECF No. 72 p. 5].  The thrust of Defendants' objections is that Plaintiff's Amended Complaint falsely presents the overall narrative of events by portraying Plaintiff as cooperative and omitting key facts [ECF No. 72 pp. 2–5].  Defendants also more particularly object to the Report's conclusion that Plaintiff had a factual

basis for alleging that hotel security approached him on a pretextual basis [*see* ECF No. 70 pp. 11–13]. In Defendants' view, Plaintiff did not merely assert that the initial approach by security was pretextual, but rather Plaintiff alleged that the asserted reason for directing his removal from the property (disturbing guests) was pretextual [ECF No. 72 pp. 4–5].

Insofar as Defendants criticize the Report for failing to impose sanctions based on the overall narrative presented by Plaintiff, the Court finds no error in the Report on this point. Defendants never raised this argument to Magistrate Judge McCabe [*see generally* ECF No. 51]. In fact, Defendants themselves concede this point: "Defendants realize that in focusing on specific factual allegations in their Second Motion for Sanctions, Defendants were not as clear on the overall context of their arguments regarding Plaintiff's misstatements" [ECF No. 51 p. 1]. Thus, the Court rejects this argument as it was made for the first time in Defendants' Objections. *See, e.g.*, *Williams*, 557 F.3d at 1291; *Borden*, 836 F.2d at 6. Even if the Court were to consider it, the Court agrees with the Report that Plaintiff's allegations regarding (i) his preparing to read a book when approached and (ii) O'Dea directing the police to remove Plaintiff did not exhibit "a deliberate indifference to obvious facts" sufficient to warrant sanctions [ECF No. 70 pp. 10–11, 13]. *See Baker*, 158 F.3d at 524 (quotation omitted).

However, the Court agrees with Defendants that the Report clearly erred as it pertains to Plaintiff's allegations regarding disturbing guests. The Report mistakenly focuses entirely on whether Plaintiff was disturbing guests prior to hotel security initially approaching Plaintiff [*see* ECF No. 70 pp. 11–13]. But as Defendants correctly point out [ECF No. 72 pp. 4–5], Plaintiff did not limit his allegations to the initial approach and clearly alleged that O'Dea gave officers a false reason for removing Plaintiff. Specifically, the Amended Complaint states that:

> At all times during this incident The Breaker's employee, Defendant O'Dea, acted with actual and apparent authority, and apparent police officers in their verbal

11

> exchange with Mr. James, and specifically directing the officers to remove Mr. James from the premises of the Hotel, using the pretext that Mr. James had been "disturbing guests."  In fact, Mr. James had been alone all that morning, practicing his reading from a book, and the assertion that he had been disturbing guests was fabricated and false.

[ECF No. 20 ¶ 17].  As such, the Amended Complaint clearly alleges that, at no point prior to O'Dea directing the police to remove Plaintiff, was Plaintiff disturbing guests.  This is false.  As reflected in both Plaintiff's deposition (taken before the Amended Complaint) and the footage of the incident (obtained before the Amended Complaint), Plaintiff was creating a disturbance before O'Dea instructed police to evict him.  Indeed, the first six minutes of Plaintiff's TikTok footage reveals Plaintiff refusing to identify himself to security, yelling out to a hotel guest in an effort to involve that guest in Plaintiff's confrontation with security, and cursing into his camera [ECF No. 64-6 at 0:00–6:00 (Tik-Tok Footage)].  Further, in his deposition, Plaintiff conceded to cursing into his camera [ECF No. 69-1 pp. 99–100] and refusing to identify himself to security when approached [ECF No. 69-1 pp. 62–64]—behavior that Plaintiff conceded created a disturbance and would naturally lead to police being called [ECF No. 69-1 pp. 62–64, 99–100].  Thus, when the Amended Complaint alleged that O'Dea lied in telling the police that Plaintiff was disturbing guests, that allegation was false.[4]  Further, given that Weil was present at Plaintiff's deposition (which, again, took place long before Plaintiff filed the Amended Complaint), making such allegations violated Rule 11 as there was no good faith basis for alleging that O'Dea lied to the police on this point.  Therefore, the Court sustains Defendants' objection as it pertains to the Report's finding that this allegation did not violate Rule 11.

---

[4] Furthermore, as the video shows, Defendant O'Dea was not the one who initially approached Plaintiff.  Rather, an unnamed black security guard was the one to conduct the initial approach and conversation with Plaintiff.  Plaintiff, on the video, refuses to film or identify the officer because, in Plaintiff's own words, "I won't put this man on camera because he's my color" [ECF No. 64-6 at 2:25–6:27].  Defendant O'Dea does not approach Plaintiff until after his disruptive conduct [ECF No. 64-6 at 5:45].

CASE NO. 25-80014-CIV-CANNON/McCabe

**III.** **The Court approves of the monetary sanctions recommended by the Report and increases the amount to account for Plaintiff's additional false allegations as determined herein**.

Neither party objected to the Report's recommendation that any sanctions imposed should be monetary and be paid into the registry of the Court [ECF No. 70 pp. 18–19; *see also* ECF Nos. 71–72]. Thus, the Court accepts the Reports recommendation that sanctions should be imposed in the form of monetary sanctions to be paid into the registry of the Court. However, given the falsity of Plaintiff's allegation regarding the disturbance of other guests, the Court increases the sanction amount to $1,500 to account for this additional false allegation and concludes that such an increase is limited to that which is necessary to deter repetition of the sanctionable conduct. *See* Fed. R. Civ. P. 11(c)(4).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 70] is **ACCEPTED IN PART**.

    a. Plaintiff's Objections to the Report [ECF No. 71] are **OVERRULED**.

    b. Defendants' Objections to the Report [ECF No. 72] are **SUSTAINED IN PART** and **OVERRULED IN PART**.

2. Defendants' Motion for Sanctions [ECF No. 51] is **GRANTED IN PART**.

3. The Court **IMPOSES SANCTIONS** upon Counsel for Plaintiff, Ronald Peter Weil, in the amount of **$1,500**, to be paid into the registry of the Court within **30 days** of the entry of this order.

4. Pursuant to Rule 6(c)(1) of the Southern District of Florida's Local Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys; the Court **REFERS** Counsel for Plaintiff, Ronald Peter Weil, to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance based on the deposition conduct identified in the

13

Report [ECF No. 70 pp. 19–20; ECF No. 69-1].  The Committee shall investigate this referral and make appropriate recommendations, in its discretion, for peer review or discipline or both in accordance with the Southern District of Florida's Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys.

**ORDERED** in Chambers in Fort Pierce, Florida, this 25th day of March 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Committee on Attorney Admissions, Peer Review, and Attorney Grievance of the Southern District of Florida